UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-21160-CIV-MORENO/GOODMAN

ARCHER WESTERN - DE MOYA
JOINT VENTURE,

    Plaintiff,

v.

ACE AMERICAN INSURANCE CO.

    Defendant.
_____/

ORDER ON DEFENDANT INSURER'S ATTORNEY-CLIENT PRIVILEGE
AND ADDITIONAL INSTRUCTIONS ON RESOLVING PRIVILEGE DISPUTES

    In this declaratory judgment case concerning insurance coverage, the parties disagreed about the scope of the attorney-client privilege for insurance carriers in first party lawsuits not involving bad faith claims. Given the dispute, the Undersigned required the parties to submit a notice of authorities on whether the Defendant insurer can properly invoke the attorney-client privilege and withhold responsive documents if the communication is not in anticipation of litigation or concerns a topic other than routine business.

    The two submissions of legal authorities confirm the Undersigned's view that the

law does **not** require that an insurer also anticipate litigation in order to properly invoke the attorney-client privilege. They also support the Undersigned's understanding of applicable law that the attorney-client privilege for communications to and from an insurer's counsel and the insurer does not apply to general business advice or when the attorney is performing non-legal activity, such as when an attorney is functioning as a claims adjuster.

These principles will apply to the attorney-client privilege claims asserted by Defendant Ace American Insurance Company. *See generally St. Joe Co. v. Liberty Mut. Ins. Co.*, No. 3:05-CV-1266-J-25MCR, 2007WL 141282, at *3 (M.D. Fla. Jan. 16, 2007) (attorney-client privilege applies to "legal advice rather than the ordinary evaluation of insurance claims"); *Arlen House E. Condo Assoc., Inc. v. QBE Ins. (Europe) Ltd.*, No. 07-23199-CIV, 2008 WL 11333859, at *4-5 (S.D. Fla. Aug. 27, 2008) (finding documents predating denial were not subject to the attorney client privilege because the attorney engaged in the factual determination whether the insurance claim should be denied, which was an ordinary "business matter[ ] as opposed to legal matter[ ]"); *Kaplan v. Nautilus Ins. Co.*, No. 17-CV-24453-KING/LOUIS, 2019 WL 12265673, at *6-7 (S.D. Fla. Mar. 17, 2019) (accepting criticisms of *Milinazzo's*[1] overly broad application of the "in anticipation of litigation"

---

[1] *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 697 (S.D. Fla. 2007) ("In an insurance context, the attorney-client privilege only attaches when an attorney performs acts for an insurer in his processional [sic] capacity an [sic] in anticipation of litigation."). The Undersigned disagrees with this pronouncement, as do other district courts who, like the

requirement to attorney-client communications, but nevertheless holding communications from insurer's coverage counsel not privileged because "the documents . . . fail to reveal any communications in which [counsel] offered legal advice to [insurer], as opposed to general business advice, or no advice at all"); *Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-81226-CIV, 2019 WL 436555, at *3-6 (S.D. Fla. Feb. 5, 2019) (same criticism of *Milinazzo's* comment).

The Undersigned notes that Plaintiff has now filed its Notice of Challenged Documents [ECF No. 63]. The Notice was filed yesterday, before the parties knew how the Undersigned was going to determine which side's version of attorney-client privilege in the insurance context applied. This Order provides the necessary guidance.

Therefore, armed with this ruling, the parties shall have an additional meet and confer before January 22, 2023. Based on that, Defendant may decide to revise its attorney-client privilege assertions. If it does decide to do that, then it shall serve its amended log on Plaintiff by January 26, 2023. Regardless of whether Defendant serves an amended privilege log, Plaintiff shall file an amended Notice of Challenged Documents (or file a notice indicating that an amended version will not be filed) by January 30, 2023. In addition, Plaintiff shall also file the latest version of Defendant's privilege log when it files its amended Notice of Challenged Documents (or the notice reflecting that no

---

Undersigned, cite *Milinazzo* for several *other* legal rules governing discovery from an insurer.

3

amendment is being filed).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 18, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record